### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:24-CR-00122-JCB** |
| **v.** § | |
| § | |
| § | |
| **BRUCE WAYNE POTTS** § | |
| § | |

### REPORT & RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On October 3, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Bruce Wayne Potts. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk II, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level 16 and criminal history category of III, was 27 to 33 months. On March 1, 2010, Senior U.S. District Judge Barbara M. G. Lynn of the Northern District of Texas sentenced Defendant to 30 months imprisonment, followed by a 2-year term of supervised release subject to the standard conditions of release, plus special conditions to include DNA collection, substance abuse treatment and testing, and alcohol abstinence. On November 4, 2022, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was obtained by the Eastern District of Texas on October 1, 2024, due to

the new offense committed by Defendant in Anderson County, Texas. This case was then assigned to U.S. District Judge J. Campbell Barker.

Under the terms of supervised release, Defendant was required to notify the probation officer at least ten days prior to any change in residence of employment. In its petition, the government alleges that Defendant violated his conditions of supervised release on or about August 20, 2024, when he failed to notify the probation officer of his change in residence from 1796 Farm to Market 3266, Palestine, Texas 75801 to 3262 Farm to Market 1137, Palestine, Texas 75801.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by failing to notify the probation officer of his change in residence from 1796 Farm to Market 3266, Palestine, Texas 75801 to 3262 Farm to Market 1137, Palestine, Texas 75801, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release, or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 5 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 5 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas. The parties

waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 3rd day of October, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE